IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILSON NUNEZ and LUIS MEJIA, | ) | |
| on behalf of themselves and other persons | ) | CIVIL ACTION NO. |
| similarly situated, | ) | |
| | ) | |
| *Plaintiffs*, | ) | JUDGE |
| v. | ) | |
| | ) | |
| ORLEANS SHORING, LLC and | ) | MAG. JUDGE |
| SANTICIMA TRINIDAD, LLC and | ) | |
| LA DIVINA MISERICORDIA, LLC and | ) | |
| ANTONIO NUNEZ and ANTONIO | ) | |
| NUNEZ REYES, | ) | |
| | ) | |
| *Defendants*. | ) | |

_____

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**
_____

Plaintiffs Wilson Nunez and Luis Mejia through their attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, file this Collective Action Complaint against Defendants Orleans Shoring, LLC and Santicima Trinidad, LLC and La Divina Misericordia, LLC and Antonio Nunez and Antonio Nunez Reyes.

**NATURE OF THE ACTION**

1.      This is an action by Wilson Nunez and Luis Mejia ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages.  Plaintiffs were employed as construction workers by Defendants Orleans Shoring, LLC, Santicima Trinidad, LLC, La Divina Misericordia, LLC, Antonio Nunez and Antonio Nunez Reyes ("Defendants").  While working for Defendants, Plaintiffs were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.      Plaintiffs seek to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiffs also bring this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3.      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Wilson Nunez

5.      Plaintiff Wilson Nunez ("Plaintiff Nunez") is a resident of Louisiana.

6.      From approximately August 2015 to February 2016, Plaintiff Nunez was employed by Defendants in Orleans Parish, Louisiana.

7.      Plaintiff Nunez worked for Defendants at a worksite located at 701 Piety Street, New Orleans, Louisiana ("Piety Street project"). Defendants' Piety Street project worksite was populated by more than 40 other construction workers, some hired by other subcontractors.

8.      Plaintiff Nunez worked as a construction worker. In connection therewith Plaintiff Nunez performed carpentry, bricklaying, sheet rocking, and installed doors, windows, and flooring.

9.      Defendants paid Plaintiff Nunez $16.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $16.00 per hour.

2

10. At all relevant times, Plaintiff Nunez and the members of the proposed Plaintiff Class were "employees" of Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Plaintiff Luis Mejia**

11. Plaintiff Luis Mejia ("Plaintiff Mejia") is a resident of Louisiana.

12. From approximately August 2015 to February 2016, Plaintiff Mejia was employed by Defendants in Orleans Parish, Louisiana.

13. Plaintiff Mejia worked for Defendants at the Piety Street project worksite. Defendants' Piety Street project worksite was populated by more than 40 other construction workers, some hired by other subcontractors.

14. Plaintiff Mejia worked as a construction worker. In connection therewith Plaintiff Mejia performed carpentry, bricklaying, sheet rocking, and installed doors, windows, and flooring.

15. Defendants paid Plaintiff Mejia $14.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $14.00 per hour.

16. At all relevant times, Plaintiff Mejia and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendant Orleans Shoring, LLC**

17. Defendant Orleans Shoring, LLC ("Orleans Shoring") is a limited liability company organized under the laws of Louisiana with its principal place of business in Harahan, Louisiana.

18. Orleans Shoring is in the business of home elevation and foundation repair for commercial and residential projects all over Southern Louisiana.

3

19.     Orleans Shoring is a general contractor that employed Plaintiffs for the project on Piety Street in New Orleans, Louisiana.

20.     Orleans Shoring supervised the day to day work activities of Plaintiffs.

21.     Orleans Shoring determined Plaintiffs' work schedules for the employment at issue herein.

22.     Orleans Shoring maintains employment files for Plaintiffs.

23.     Orleans Shoring is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24.     Orleans Shoring is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendants Santicima Trinidad, LLC, La Divina Misericordia, LLC, Antonio Nunez, and Antonio Nunez Reyes

25.     Defendants Santicima Trinidad, LLC and La Divina Misercordia, LLC are two family-run construction companies based out of Kenner, Louisiana. They are owned and operated by a father and son and they employ the same workers on the same job sites.

26.     Plaintiffs were first hired by Santicima Trinidad, LLC but were subsequently notified in October 2015 that they were now employed by La Divina Trinidad, LLC.

27.     Antonio Nunez is the owner of Santicima Trinidad, LLC.  His son, Antonio Nunez Reyes is the owner of La Divina Misericordia, LLC. Both Antonio Nunez and Antonio Nunez Reyes hire and fire the employees of those two companies, manage those employees, and pay those employees.

28.     Defendants Santicima Trinidad, LLC, La Divina Misericordia, LLC, Antonio Nunez, and Antonio Nunez Reyes are collectively a "single business enterprise" and hereinafter in this complaint are simply referred to as "Santicima"

29.     Santicima employees are paid check. At first, the checks bore the name "Santicima Trinidad, LLC" and later, they bore the name "La Divina Misericordia, LLC."

30.     Santicima engages in general construction jobs in Southern Louisiana.

31.     Santicima was one of the subcontractors that employed the Plaintiffs on the Piety Street Project, as more specifically plead below.

32.     Santicima is one of the "Defendants" as that term is used below.

## FACTUAL ALLEGATIONS

33.     Defendants are in the business of home elevation, foundation repair, and general construction for commercial and residential projects in Louisiana. Defendants' services include home elevation, general construction, carpentry, bricklaying, sheet rocking, and installing doors, windows, and flooring.

34.     Defendants employed more than 40 workers at the Piety Street project. Defendant Orleans Shoring also employs workers at various job sites all over Southern Louisiana simultaneously.

35.     Defendant Santicima paid Plaintiffs by check.

36.     Plaintiffs normally worked more than (40) hours a week for Defendants. Defendants often required Plaintiffs to work six days per week.

37.     Defendants never paid Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

38.     Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.  Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

39.     Defendants paid the named Plaintiffs, and other similarly situated employees at an hourly rate for work performed.

40.     Defendants treated the named Plaintiffs, and other similarly situated employees as exempt from the FLSA's overtime requirements.

41.     When the named Plaintiffs and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

<u>**COUNT I**</u>
<u>**Fair Labor Standards Act – FLSA Overtime Class**</u>

42.     Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

43.     Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

44.     Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their

regular rate for all hours worked in excess of forty in a workweek from at least September 2012 and continuing until the present.

45.     As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in his favor against Defendants and issue an order:

a.   Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b.   Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.   Declaring that Defendants' conduct violated the FLSA;

d.   Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e.   Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f.   Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g.   Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.


April 13, 2016


***Respectfully submitted,***


*/s/ Roberto Luis Costales*                                    */s/ William H. Beaumont*
_____                    _____
Roberto Luis Costales                                       William H. Beaumont
3801 Canal Street, Suite 207                            3801 Canal Street, Suite 207
New Orleans, LA 70119                                    New Orleans, LA 70119
Louisiana Bar #33696                                       Louisiana Bar #33005
Telephone: (504) 534-5005                               Telephone: (504) 483-8008
Facsimile:  (504) 272-2956                                *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*


*/s/ Emily A. Westermeier*
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*


*Attorneys for Plaintiff*

8