IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILSON NUNEZ and LUIS MEJIA, individually and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>ORLEANS SHORING, LLC, et al.<br><br>            Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: 2:16-cv-03005-CJB-JCW<br>)<br>) JUDGE CARL J. BARBIER<br>)<br>) MAG. JUDGE KAREN WELLS ROBY<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
CERTAIN AFFIRMATIVE DEFENSES OF DEFENDANTS**

**MAY IT PLEASE THE COURT:**

Defendants, Orleans Shoring, LLC ("Orleans Shoring"), Santicima Trinidad, LLC ("Santicima Trinidad"), La Divina Misericordia, LLC ("La Divina"), Antonio Nunez ("Nunez") and Antonio Nunez Reyes ("Reyes") (collectively, "Defendants") submit this opposition to Plaintiffs' Motion to Strike Certain Affirmative Defenses ("Motion to Strike") (Doc. R. 31). For the following reasons, the motion should be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

On April 13, 2016, Plaintiffs filed their collective action complaint seeking to certify a class of construction workers purportedly employed by both Defendant, Orleans Shoring, and Defendants Santicima Trinidad, La Divina, Nunez, and Reyes.[1] Plaintiffs claim they, and those allegedly "similarly situated," were not paid an overtime premium for hours worked in excess of 40 in the workweek in violation of the Fair Labor Standards Act ("FLSA").

---

[1] The latter defendants are referred to collectively as the "Nunez Subcontractors."

1

After learning that the lawsuit had been filed, counsel for Defendants emailed and called counsel for Plaintiffs to discuss the matter. *See* Defendants' Memorandum in Opposition to Plaintiffs' Motion for Entry of Default (Doc R. 15) and Ex. 1 thereto (Unsworn Declaration of Everett R. Fineran). Without attempting reach counsel for Defendants, Plaintiffs then moved for an entry of default. *Id.*

On May 18, 2016, counsel for Defendants reviewed the Court's docket and learned for the first time that the Defendants had allegedly been served and Plaintiffs had moved for an entry of default. To avoid the entry of a default, Defendants quickly filed responsive pleadings, asserting in good faith numerous affirmative defenses regarding which Defendants intend to investigate further in discovery.

Plaintiffs have moved to strike eight of those affirmative defenses basically on the grounds that they "lack factual particularity," as if a fact—not notice—pleading standard applies. Plaintiffs' motion is no more than a waste of judicial resources, and, for the reasons below, should be denied.

## LAW AND ARGUMENT

### A.     Legal Standard

A defendant must only plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1992). "The concern is that a defendant should not be permitted to lie behind a log and ambush a plaintiff with an unexpected defense." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (citation omitted). Thus, the pleading standard for affirmative defenses is generally lesser than that applied to a plaintiff's complaint. *See Florida v. DLT 3 Girls, Inc.*, No. , 2012 WL 1565533, *3 (S.D. Tex. May 2, 2012) (noting that

"while a motion to dismiss can resolve a case, thereby avoiding discovery entirely, a motion to strike only prolongs pre-discovery motion practice; as such, raising the standard for pleading affirmative defenses would only encourage more motions to strike").

Although Federal Rule of Civil Procedure 12(f) provides that a district court may strike from a pleading an insufficient defense, "motions to strike under Rule 12(f) are disfavored and 'should be used sparingly by the courts' because they are considered a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Lacy v. Aecom Gov't Servs., Inc.*, No. 11-90, 2011 WL 3268123, *1 (E.D. La. July 29, 2011) (Barbier, J.) (citing *Pan-Am. Life Ins. Co. v. Gill*, 1990 WL 58133, *2 (E.D. La. Apr. 27, 1990)); *see also Abene v. Jaybar, LLC*, 802 F.Supp.2d 716, 723 (E.D. La. 2011) (Fallon, J.). "Such motions are viewed with disfavor because they often are sought by the movant simply as a dilatory tactic. Even if not intentionally dilatory, these motions often serve only to cause delay."[2] *Global ADR, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21136696, *1 (E.D. La. May 15, 2003) (Engelhardt, J.) (citations omitted) "Thus, they generally will not be granted unless it is shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense *and* that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id.* (citations omitted; emphasis in original); *see also Lacy*, 2011 WL 3268123 at *1; *In re Oil Spill by the Oil Rig "Deepwater Horizon,"* MDL No. 2179, 2016 WL 915257 (E.D. La. Mar. 10, 2016) (Barbier, J.).

Further, "[e]ven when dealing with a pure question of legal sufficiency, courts are still 'very reluctant' to determine such issues on a motion to strike, instead viewing such questions 'as best determined only after further development by way of discovery and a hearing on the

---

[2] Concerns about ill-motivated tactics in filing a motion to strike are heightened in the context of an action pursuant to the FLSA because, as Plaintiffs' counsel is no doubt aware, the FLSA contains a fee-shifting provision.

merits, either on a summary judgment motion or at trial."' *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. 13-359, 2013 WL 5707810, *2 (W.D. Tex. Oct. 18, 2013); *Abene*, 802 F.Supp.2d at 724 (noting that plaintiff would not be prejudiced by denial of motion to strike defenses where she retained the right to seek summary judgment on those defenses as the case moved forward). Given the early stages of this proceeding and the high standards under Rule 12(f), Plaintiffs' Motion to Strike should be denied.

### B. Defendants have given Plaintiffs' "fair notice" of the affirmative defenses being asserted.

#### 1. Estoppel, Waiver, and Unclean Hands
#### (Orleans Shoring's Second Defense; Nunez subcontractors' First Defense)

Estoppel may be available as an affirmative defense under the FLSA where, for instance, a plaintiff provides false data about the hours he worked to his employer. *See, e.g., Allen v. City of Texas City*, No. 10-176, 2014 WL 2547763, *6 (S.D. Tex. June 5, 2014). Similarly, unclean hands may be a defense to a claim under the FLSA. *See McCumber v. Eye Care Center of Am.*, No. 09-1000, 2011 WL 1542671, *3 (M.D. La. Apr. 20, 2011) (compiling cases).

These affirmative defenses should not be stricken until Defendants have an opportunity to determine the membership of the collective class (should conditional certification be granted) and seek discovery from its members. Moreover, in addition to statutory damages provided for under the FLSA, Plaintiffs have made a vague claim for "general and equitable relief." (Doc. R. 1, p. 7). To the extent Plaintiffs intend to pursue this claim, Defendants' affirmative defense should stand.

#### 2. Failure to Mitigate Damages
#### (Orleans Shoring's Ninth Defense; Nunez Subcontractors' Eight Defense)

Should Defendants be found liable for a violation of the FLSA, which Defendants deny, Defendants submit discovery will reveal the Plaintiffs and/or members of the putative class

4

knowingly and continuously worked overtime hours without complaint or demand for overtime pay.

### 3. Plaintiffs' Fault
### (Orleans Shoring's Tenth Defense; Nunez Subcontractors' Ninth Defense)

Should Defendants be found liable for a violation of the FLSA, which Defendants deny, Defendants submit discovery will reveal the Plaintiffs and/or members of the putative class failed to report overtime and/or misrepresented hours worked on their time sheets.

### 4. Lack of Standing
### (Orleans Shoring's Fifteenth Defense; Nunez Subcontractors' Fourteenth Defense)

For purposes of responding to the Motion to Strike, Defendants will accept Plaintiffs' assertion that a lack of standing is not an affirmative defense. Consequently, Defendants do not bear the burden of proof on any element of this defense. Defendants assert this defense, pursuant to Fed. R. Civ. P. 8(b), to put Plaintiffs on notice of Defendants' position that Plaintiffs' claims are individualized, and Plaintiffs cannot offer testimony or evidence regarding the treatment of individuals who are not similarly situated.

### 5. *De Minimis* Claims
### (Orleans Shoring's Sixteenth Defense, Nunez Subcontractors' Fifteenth Defense)

Should Defendants be found liable for a violation of the FLSA, which Defendants deny, Defendants submit discovery will reveal that some or all of the time for which the Plaintiffs and/or members of the putative class claim overtime is due was infrequent or insignificant such that it may be disregarded for payroll purposes.

### 6. Violation of Fifth Amendment
### (Orleans Shoring's Seventeenth Defense; Nunez Subcontractors' Sixteenth Affirmative Defense)

Given the highly individualized nature of the putative class as defined by Plaintiffs,

5

certification and trial of this case as a collective action would be an unconstitutional deprivation of property because the collective action mechanism would effectively prevent Defendants from defending the claims against them in a meaningful way. *See Gatewood v. Koch Foods of Mississippi, LLC*, No. 07-82, 2009 WL 8642001, *20-21 (S.D. Miss. Oct. 20, 2009). At this stage in the proceedings, the defense should be permitted to stand.

### 7. Lack of Standing for Claims of Injunctive Relief and Prejudgment Interest
**(Orleans Shoring's Eighteenth Affirmative Defense; Nunez Subcontractors' Seventeenth Affirmative Defense)**

Conceding for purposes of this motion that lack of standing is not a valid defense, as Plaintiffs claim, Defendants put Plaintiffs on notice that the relief they have sought is unavailable as a matter of law. *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990) (stating "prejudgment interest is not available for [section] 216 claims"); 29 U.S.C. § 211(a) ("Except as provided in section 212 of this title [related to child labor], the Administrator shall bring all actions under section 217 of this title to restrain violations of this chapter."); *Powell v. Florida*, 132 F.3d 677, 678-79 (11th Cir. 1998) ("[W]e follow the decisions of the other circuits which have held that the plain language of the [FLSA] provides that the Secretary of Labor has the exclusive right to bring an action for injunctive relief.") (citations omitted).

### 8. Compromise and Satisfaction and Accord
**(Orleans Shoring's and Nunez Subcontractors' Thirty-First Defense)**

As Plaintiffs' counsel is aware, Defendants have settled claims with many of the putative class members they seek to join. Therefore, this affirmative defense is appropriate.

### CONCLUSION

As detailed above, Defendants' affirmative defenses are appropriate and adequately pleaded. In addition, Plaintiffs have failed to near the high bar necessary to succeed on a Motion

6

to Strike. Accordingly, their motion should be denied, and Defendants should be awarded their reasonable and necessary attorney's fees for the time and effort spent filing this response.

                                Respectfully submitted,

By: *s/ Everett R. Fineran*
Everett R. Fineran (LA Bar No. 31153)
Peter Tafaro (LA Bar No. 28776)
Heather McArthur (LA Bar No. 32897)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163-3700
Phone:      (504) 599-8000
Facsimile:  (504) 599-8100
E-mail:     hmcarthur@frilot.com

***Counsel for Defendants, Orleans Shoring, LLC, Santicima Trinidad, LLC, La Divina Misericordia, LLC, Antonio Nunez, and Antonio Nunez Reyes***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via Electronic service to all counsel of record through the Court's CM/ECF system on this 5th day of July, 2016.

                                            s/ *Everett R. Fineran*
                                            EVERETT FINERAN