UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NUNEZ, ET AL.                           CIVIL ACTION

VERSUS                                  NO: 16-3005

ORLEANS SHORING, LLC, ET                SECTION: "J"(4)
AL.

## ORDER & REASONS

Before the Court is a *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs* **(Rec. Doc. 20)** filed by Plaintiff Nunez, et al., an opposition thereto **(Rec. Doc. 30)** filed by Defendant Orleans Shoring, LLC, et al. and a reply thereto by Plaintiff **(Rec. Doc. 34)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation comprises Plaintiffs' claims against Defendants pursuant to the Fair Labor Standards Act (FLSA) regarding unpaid overtime wages. Plaintiffs filed their Complaint against Defendants on behalf of themselves and other persons similarly situated on April 13, 2016. (Rec. Doc. 1.) Plaintiffs allege that they were hired as manual laborers at various job sites throughout Louisiana to assist Defendant Orleans Shoring, LLC with

foundation repair and home elevation. (Rec. Doc. 20-1, at 6.) Plaintiffs assert that Defendants paid them at an hourly rate for work performed. (Rec. Doc. 20-1.) Plaintiffs allege that they, and others similarly situated, worked in excess of forty hours per week and were not paid overtime pay in violation of the FLSA. *Id.* Consequently, Plaintiffs claim that Defendants willfully violated the provisions of the FLSA by unlawfully depriving them of proper overtime compensation. (Rec. Doc. 1, at 6.) As a result, Plaintiffs ask this Court to certify this case as a collective action under 29 U.S.C. § 216(b), enter judgment in the amount of unpaid overtime wages, liquidated damages, attorney's fees, pre-judgment and post-judgment interest, and to enjoin Defendants from violating the FLSA's overtime provisions. *Id.* at 7.

On May 27, 2016, Plaintiffs filed the instant *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs*. (Rec. Doc. 20.) In conjunction with allowing this action to proceed collectively, Plaintiffs ask this Court to direct the Defendants to provide Plaintiffs with a list of potential opt-in plaintiffs, to approve the sending of the proposed notice to the potential opt-in plaintiffs, and to approve an opt-in period of ninety (90) days. (Rec. Doc. 20-1). Defendants filed its opposition on June 21, 2016. (Rec. Doc. 30). Plaintiffs replied to

Defendants' opposition on June 29, 2016. (Rec. Doc. 34.) The motion is now before the Court on the briefs without oral argument.

## PARTIES' ARGUMENTS

Plaintiffs ask the Court to conditionally certify this collective action and authorize notice to all similarly situated employees Defendants employed. *Id.* Specifically, the putative class to which Plaintiffs seek to facilitate notice consists of a class of Defendants' employees limited to:

> All individuals who worked or are working performing manual labor directly for Santicima Trinidad, LLC, La Divina Misericordia, LLC, Antonio Nunez, or Antonio Nunez Reyes during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation.

*Id.* at 1. In their motion, Plaintiffs allege that Defendants' violations of the FLSA are not personal to Plaintiffs, but rather are part of a general policy of Defendants not paying their employees overtime pay. (Rec. Doc. 20-1, at 11.)Plaintiffs argue that they have presented sufficient evidence that there is a similarly situated putative class. In support of their motion, Plaintiffs rely on the allegations in their Complaint and the attached declarations of Wilson Nunez, Luis Mejia, Santos Martinez, Uriel Escoto, Amadeo Polvorilla, Enrique Bautista, and Eleuterio Loredo. (Rec. Docs. 20-3; 20-4; 20-5; 20-6; 20-7; 20-8; 20-9.) These declarations set forth the following allegations: (1)

3

Plaintiffs and the putative class were hired by Defendants Santicima Trinidad/Divina Misericordia to work as a construction laborer; (2) Plaintiffs and the putative class performed work for Defendant Orleans Shoring, LLC; (3) Plaintiffs and the putative class worked the same shifts and took breaks at the same time; (4) Plaintiffs and the putative class were paid approximately the same amount of money; (5) Plaintiffs and the putative class often worked more than forty hours per week; (6) Plaintiffs and the putative class did not receive overtime for hours worked in excess of forty during any particular work week; and (7) Plaintiffs think that several other former employees are interested in joining this lawsuit due to conversations Plaintiffs have had with such employees. *Id.* For these reasons, Plaintiffs argue that the putative class is similarly situated, as required for conditional certification of a collective action under the FLSA.

Next, Plaintiffs argue that the Court should approve the proposed notice attached to their motion and allow Plaintiffs' counsel to send the notice to potential opt-in plaintiffs.[1] Plaintiffs argue that the notice requested will ensure that only those similarly situated join the putative class and, as required, that their notice is accurate and informative. (Rec. Doc. 20-1, at 23.) Plaintiffs cite that several similar notices have been

_____

[1] Plaintiffs' original notice (Rec. Doc. 20-1, at 6) sought a different putative class than what is now requested in Plaintiffs' Reply Memorandum. (Rec. Doc. 34.)

4

approved by Courts within the Eastern District. (Rec. Doc. 34, at 2.) In addition, because many of Defendants' employees may be Spanish-speaking, Plaintiffs request that the Court approve a Spanish translation of the proposed notice, which Plaintiffs intend to send out in addition to the English version. (Rec. Doc. 20-1, at 23, n. 104.)

Plaintiffs also ask that this Court order Defendants to produce the names and last known addresses of potential opt-in plaintiffs. (Rec. Doc. 20-1, at 23.) Plaintiffs argue that district courts routinely grant disclosure of the names and addresses of the potential opt-in plaintiffs in conjunction with authorizing notice. *Id.* at 24.

Last, Plaintiffs argue that the Court should allow an opt-in period of ninety days. In support of this length of time, Plaintiffs argue that many of Defendants' past and present employees, including Plaintiffs, are non-English speaking. *Id.* Because of the difficulties often associated with providing notice to non-English speaking laborers in FLSA cases, Plaintiffs contend that a ninety-day opt-in period is appropriate in this case. *Id.* Further, Plaintiffs contend that nothing prevents the parties from litigating the underlying issues in this case while the notice period runs. *Id.* Therefore, Plaintiffs argue that Defendants are not prejudiced by maintaining an opt-in period of ninety (90) days. *Id.*

Defendants' main argument in opposition is that Plaintiffs have not satisfied their burden of showing that other similarly situated employees of Orleans Shoring, LLC exist. (Rec. Doc. 30, at 8.) Specifically, Defendants argue that Plaintiffs original putative class was a much broader class of "all individuals" working for Orleans Shoring, LLC, either directly or indirectly through any third-party labor staffing company. *Id.* at 2. Further, Defendants argue that there is no evidence of a common policy in violation of the FLSA. *Id.* at 9.

Next, Defendants argue that the proposed class should be limited temporally. *Id.* at 12. Defendants argue that almost all of the identified opt-in plaintiffs worked only from mid-2015 to early 2016; and therefore, the period should be limited to accordingly. *Id.* Further, Defendants raise several issues with the language of the proposed notice and claim that it is misleading. *Id.* at 13.


## LEGAL STANDARD

Section 207 of the FLSA provides the mandatory parameters for overtime pay. 29 U.S.C. § 207. Section 216(b) of the FLSA affords workers a right of action for violations of these parameters. *Id.* § 216(b). Such workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." *Id.* To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in.

*Id.* "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007). The notice must be "timely, accurate and informative." *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated." *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004). Courts recognize two methods of determining whether plaintiffs are sufficiently "similarly situated" to advance their claims in a single collective action pursuant to § 216(b): the two-stage class certification approach typified by *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988), and the "spurious" class action approach espoused by *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990).[2] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The Fifth Circuit has expressly refused to endorse either method over the other. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 n.1

---

[2] Under the *Shushan* approach, the "similarly situated" inquiry in FLSA collective action certification is considered to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. *Mooney*, 54 F.3d at 1214.

(5th Cir. 2010) (citing *Mooney*, 54 F.3d at 1216). However, *Lusardi* is the prevailing approach among the district courts in this circuit and around the country. *See, e.g.*, *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015).

The *Lusardi* approach comprises two stages. *Acevedo*, 600 F.3d at 519; *Mooney*, 54 F.3d at 1213. First, during the "notice stage," the court conducts an initial inquiry of "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo*, 600 F.3d at 519; *accord Mooney*, 54 F.3d at 1213-14. Courts usually base this decision upon "the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (footnote omitted). Although the standard is lenient, "it is by no means automatic." *Lima*, 493 F. Supp. 2d at 798. If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. *Mooney*, 54 F.3d at 1214. The case then proceeds through discovery as a representative action. *Id.*

The second stage is usually triggered by a motion for decertification filed by the defendant, typically "after discovery is largely complete and more information on the case is available."

*Acevedo*, 600 F.3d at 519. At this stage, the court "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id.* If the plaintiffs are not similarly situated, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Mooney*, 54 F.3d at 1214.

## DISCUSSION

### I.   Conditional Certification of Collective Action

The fundamental inquiry presented at the conditional certification stage is whether the named plaintiff and members of the potential collective class are "similarly situated" for purposes of § 216(b). The FLSA does not define the term "similarly situated," and the Fifth Circuit has "not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action." *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *4 (E.D. La. Nov. 6, 2013) (quoting *Acevedo*, 600 F.3d at 518-19). Rather, this determination requires a fact-intensive, ad hoc analysis. *Id.* at *5; *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008). Although a lenient standard is applied at the notice stage, "the court still requires at least 'substantial allegations that the putative class members were together the victims of a single

decision, policy, or plan [that violated the FLSA].'" *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citation omitted) (quoting *Mooney*, 54 F.3d at 1214 n.8).

"Courts have repeatedly stressed that Plaintiffs must only be similarly—not identically—situated to proceed collectively." *Prejean*, 2013 WL 5960674, at *5 (quoting *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)). Conditional certification is appropriate when there is "a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008). Thus, a court can foreclose a plaintiff's right to proceed collectively only if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Id.* at 878. As mentioned above, this determination is usually made based on the pleadings and any affidavits that have been submitted. *Mooney*, 54 F.3d at 1214. In the Fifth Circuit, "there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *Lopez v. Hal Collums Constr., LLC*, No. 15-4113, 2015 WL 7302243, at *6 (E.D. La. Nov. 18, 2015) (quoting *Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015)). The notice stage

"requires the plaintiff to show, at least, that similarly situated individuals *exist*." *Id.* (quoting *Banegas*, 2015 WL 4730734, at *5).

Here, the Complaint alleges that Defendants treated Plaintiffs and other similarly situated employees who performed manual labor as exempt from the FLSA's overtime requirements and, as a result, never paid them one and one-half times their regular rate of pay for hours worked in excess of forty in a week. (Rec. Doc. 1.) Attached to Plaintiffs' motion are the declarations of the two Plaintiffs, which provide more detail regarding the allegations in the Complaint. In addition, Plaintiffs attached the declaration of five other potential opt-in class members. (Rec. Docs. 20-5; 20-6; 20-7; 20-8; 20-9.) In their declarations, Plaintiffs and declarants state that they each worked alongside a number of others employed by Defendants as construction laborers, who performed the same job duties, worked the same shifts, and took breaks at the same times. *Id.*

The Court finds that the Complaint and the attached declarations set forth "substantial allegations that the putative class members were together victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214, n.8. The alleged policy of failing to pay employees performing manual labor an overtime rate for work performed in excess of forty hours in a week constitutes a "factual nexus which binds the named plaintiffs and the potential class members together." *Xavier*, 585 F. Supp. 2d at 877-78. There

is no indication that this policy "relates to specific circumstances personal to the plaintiff[s]." *Id.* at 878. Accordingly, Plaintiffs have satisfied their lenient burden of showing that they are "similarly situated" to the purported class.

Defendants main argument in opposition is the scope of Plaintiffs' originally proposed class. (Rec. Doc. 30, at 5.) However, on June 28, 2016, Plaintiffs requested leave to file a reply in opposition to Defendants' motion in opposition. (Rec. Doc. 32.) Plaintiffs' motion was granted (Rec. Doc. 33), and thereafter, Plaintiffs modified the proposed class as follows:

> "All individuals who worked or are working performing manual labor directly for Santicima Trinidad, LLC, La Divina Misericordia, LLC, Antonio Nunez, or Antonio Nunez Reyes during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation.

(Rec. Doc. 34.)Plaintiffs argue, and the Court agrees, that Defendants raise only minor issues with certifying a class of only the "Nunez Subcontractor" workers. Specifically, the main objection Defendants raised was with respect to the scope of Plaintiffs' originally proposed class, in that it included "[a]ll individuals who are working performing manual labor directly for Orleans Shoring, LLC or indirectly through <u>any third-party labor staffing company</u> during the previous three years."[3] (Rec. Doc. 30,

---

[3] Throughout Defendants' motion in opposition Defendants continually recognize that a potential class of Nunez Subcontractors *may* exist. For example: "Plaintiffs provide no information . . . regarding any individual who was assigned to work for Orleans Shoring . . . other than Nunez Subcontractors."

at 5.) However, after Plaintiffs filed their reply, Defendants did not ask to file a surreply in opposition to Plaintiffs' newly proposed class.

Next, Defendants argue that Plaintiffs have not attached the declaration of any Nunez Subcontractor's worker with personal knowledge that other employees were not paid overtime. (Rec. Doc. 30, at 8.) However, in their declarations, Plaintiffs and the other opt-in plaintiffs provided that they had the same job responsibilities as other potential opt-in plaintiffs, worked the same hours, took the same breaks, and that these other workers were only paid approximately fourteen dollars per hour. (Rec. Docs. 20-3, 20-4; 20-5; 20-6; 20-7; 20-8; 20-9.) Thus, Plaintiffs are alleging that only base salaries were paid despite personal knowledge of laborers working over forty hours per week. Finally, with respect to the extent of the putative class, Defendants argue that Plaintiffs have not met their burden by simply "thinking" other employees are interested in opting in to this action. (Rec. Doc. 30, at 9.) Defendants cite to decision from this court which held that "conclusory assertions that other employees were subject to unlawful overtime policies and would

_____

(Rec. Doc. 30, at 2.); "The Nunez Subcontractors contracted with Orleans shoring to provide manual labor services on four discrete projects . . ." *Id*. at 6. "Assuming Plaintiffs have made some showing that potential opt-ins hired by the Nunez Subcontractors were subject to a common policy or practice . . ." *Id*. at 9. Moreover, as stated above, Defendants did not seek leave to file a surreply in opposition to Plaintiffs' reply.

desire to opt-in" are insufficient to satisfy the burden of conditional certification. *Crowley v. Paint & Body Experts of Slidell, Inc*., No. 14-172, 2014 WL 2506519, at *7-8 (E.D. La. June 3, 2014) (Jolivette Brown, J.) However, *Crowley* is distinguishable from this case. In *Crowley*, the plaintiffs, two mechanic workers, alleged that they were not paid overtime pay for hours worked over forty hours in a week. *Crowley*, 2014 WL 2506519, at *2. The court held that conditional certification was not appropriate because the plaintiffs provided no affidavits from any other general employees, failed to identify any individuals who were not paid overtime, and there was no suggestion "anywhere in the record that individuals desire[d] to opt-into this class." *Crowley*, 2014 WL 2506519, at *7. In contrast, here, Plaintiffs have provided the affidavits of five other opt-in plaintiffs all of whom suggest that others similarly situated to them were not paid in accordance with the FLSA. Therefore this Court is satisfied that Plaintiffs have shown, "at the least, that similarly situated individuals *exist*" by more than "conclusory assertions". *Crowley*, 2014 WL 2506519, at *7; *Leon v. Diversified Concrete, LLC*, No. 15-6301, 2016 WL 2825073 (E.D. La. May 13, 2016); *Benegas v. Calmar Corp*., No. 15-593, 2015 WL 4730734, at *5 (E.D. La. Aug. 10, 2015).

## II.     Temporal Scope of Opt-In Period

Defendants argue that the proposed class should be limited temporally. (Rec. Doc. 30, at 12.) Defendants argue that "almost

14

all of the individuals identified worked only from mid-2015 to early 2016." *Id.* Plaintiffs argue that limiting the opt-in period from mid-2015 to early 2016 is contrary to the spirit of the FLSA. Instead, Plaintiffs suggest a three year period from the filing of Plaintiffs' lawsuit or the certification of the motion. (Rec. Doc. 24, at 2.)

It appears that Plaintiffs chose the three-year period because it coincides with the applicable statute of limitations. The applicable statute of limitations under the FLSA is set forth in 29 U.S.C. § 255. The FLSA requires that the action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a "willful" violation may be commenced within three years. 29 U.S.C. § 255. "Willful" means that "the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "In a collective action, the action is 'commenced' in the case of an opt-in plaintiff on the date a written consent is filed." *Lima*, 493 F. Supp. 2d at 803. Courts within the Fifth Circuit have often held that, given the low standard employed at the first stage of the *Lusardi* approach, and the fact-intensive nature of the question of willful conduct, plaintiffs need not prove willfulness at the notice stage of conditional certification. *See, e.g.*, *Marshall v. Louisiana*, No. 15-1128, 2016 WL 279003, at *11 (E.D. La. Jan. 22,

2016). Because the Court finds that additional discovery will likely reveal whether a three-year statute of limitations is applicable, the Court finds that conditional certification of a three-year class is appropriate at this stage, subject to any motion for decertification following discovery. *Leon*, 2016 WL 2825073, at *5.

## III.    Length of the Opt-In Period

Defendants argue that the notice period should be limited to sixty days (60), as opposed to the ninety-day request by Plaintiffs. (Rec. Doc. 30, at 14.) In fact, Defendants argue that "60 days is the default notice period" in most courts. *Id.* Plaintiffs argue that a ninety-day opt-in period is appropriate in this case. Plaintiffs argue that providing notice to non-English speaking laborers in FLSA cases presents unique difficulties which requires an extended opt-in period. Further, Plaintiffs argue that nothing prevents the parties from litigating the underlying issues in this case while the notice period runs, and that Defendants are not prejudiced by a ninety-day opt-in period. (Rec. Doc. 20-1, at 24.)

This Court has granted longer opt-in periods in similar cases. *Leon*, 2016 WL 2825073, at *5; *Lopez*, 2015 WL 7302243, at *6. Accordingly, the Court finds that an opt-in period of ninety days is appropriate in this case. *Id.* This period sufficiently affords the Plaintiff the time needed to locate potential opt-in

plaintiffs, but is not so unreasonable as to be overly burdensome or excessive for the Defendants. The opt-in period will begin to run from the date the notice and consent forms have been mailed out to the class and shall last for a period of ninety (90) days.

**IV.    Proposed Notice**

Plaintiffs submitted a proposed notice form along with their motion. (Rec. Doc. 20-10.) In addition to the objections noted above, Defendants argue that the proposed notice to potential opt-in plaintiffs is misleading. (Rec. Doc. 30, at 13.) Defendants also provide several revisions which they ask to be incorporated into the notice. (Rec. Doc. 30, at 13.) When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties. *See, e.g., Banegas*, 2015 WL 4730734, at *6; *Perkins*, 2015 WL 771531, at *5. Accordingly, the parties are directed to meet and confer regarding the proposed notice and attempt to resolve these disputes in good faith as ordered below.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs* **(Rec. Doc. 20)** is **GRANTED IN PART**, as set forth in this Order and Reasons, and that the above-captioned matter is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**IT IS FURTHER ORDERED** that Defendants shall have <u>fourteen (14) days from the entry of this Court's Order, or through an including July 26, 2016</u>, to produce the full names, dates of employment, and last known addresses of all potential class members.

**IT IS FURTHER ORDERED** that the parties meet, confer, and thereafter submit to the Court a joint proposal of notice no later than <u>twenty-one (21) days after entry of this Court's Order, or through an including August 2, 2016</u>. If the parties are unable to agree on the proposed notice, the parties shall file the appropriate motion(s) with their objections no later than <u>twenty-one (21) days after entry of this Court's Order, or through an including August 2, 2016</u>.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs shall have <u>thirty (30) days from the date the proposed notice is approved by</u>

the Court to transmit the notice and consent form to all potential class members via U.S. mail.

**IT IS FURTHER ORDERED** that potential class members may opt in to this collection action if: (1) they have mailed, faxed, or emailed their consent form to counsel for the class within ninety (90) days after the notice and consent forms have been mailed out to the class; or (2) they show good cause for any delay.

New Orleans, Louisiana this 12th day of July, 2016.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE