UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NUNEZ, ET AL.                          CIVIL ACTION

VERSUS                                 NO: 16-3005

ORLEANS SHORING, LLC, ET               SECTION: "J"(4)
AL.

## ORDER & REASONS

Before the Court is a *Motion to Strike Certain Affirmative Defenses* **(Rec. Doc. 31)** filed by Plaintiffs and an opposition thereto **(Rec. Doc. 35)** filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART** as explained further below.

## FACTS AND PROCEDURAL BACKGROUND

This litigation comprises Plaintiffs' claims against Defendants pursuant to the Fair Labor Standards Act (FLSA) regarding unpaid overtime wages. Plaintiffs filed their Complaint against Defendants on behalf of themselves and other persons similarly situated on April 13, 2016. (Rec. Doc. 1.) Plaintiffs allege that they were hired by Defendants as manual laborers at various job sites throughout Louisiana to assist with foundation repair and home elevation. *Id.* Plaintiffs assert that Defendants paid them at an hourly rate for the work performed. *Id.* Plaintiffs

allege that they, and others similarly situated, worked in excess of forty hours per week and were not paid overtime pay in violation of the FLSA. *Id.* Consequently, Plaintiffs claim that Defendants willfully violated the provisions of the FLSA by unlawfully depriving them of proper overtime compensation. *Id.*

In their Answer, Defendants assert several affirmative defenses. (Rec. Doc. 13, at 5; Rec. Doc. 14, at 8.) On June 23, 2016 Plaintiffs filed a *Motion to Strike* (Rec. Doc. 31) several of Defendants' affirmative defenses. Plaintiffs ask the Court to strike the second, ninth, tenth, fifteenth, sixteenth, eighteenth, and thirty-first affirmative defense of Defendant Orleans Shoring, LLC. With respect to Defendant Santicima,[1] Plaintiffs asks the Court to strike the first, eighth, ninth, fourteenth, fifteenth, sixteenth, seventeenth, and thirty-first affirmative defense. Defendants filed an opposition to Plaintiffs' motion on July 5, 2016. (Rec. Doc. 35). The sufficiency of these affirmative defenses is the focus of this motion which is before the Court on the briefs, without oral argument.

## PARTIES' ARGUMENTS

Plaintiffs have moved to strike Defendants' affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure

---

[1] Defendant Santicima refers to Defendants Santicima Trinidad, LLC, La Davina Misericordia, LLC, Antonio Nunez, and Antonio Nunez Reyes.

on grounds that such defenses are not pled with sufficient factual particularity to give Plaintiffs notice of the defenses being advanced. (Rec. Doc. 31-1, at 3.) Plaintiffs ask the Court to strike the following affirmative defenses:

### 1.   Orleans Shoring, LLC's second and Defendant Santicima's first affirmative defense

Defendants' affirmative defenses provide: "Plaintiffs' claims, as well as those of the group of individuals Plaintiffs purport to represent, are barred by principles of estoppel, waiver and unclean hands." (Rec. Doc. 13, at 5; Rec. Doc. 14, at 8.) Plaintiffs ask the Court to strike these affirmative defense because Defendants do not provide any facts to support the defenses. (Rec. Doc. 31-1, at 3.) Defendants argue that estoppel is an available affirmative defense under the Fair Labor Standards Act (FLSA) "where a plaintiff provides false data about the hours he worked to his employer." (Rec. Doc. 35, at 4.) Defendants ask the Court to not strike these affirmative defenses until they have an opportunity to determine the membership of the collective class and seek discovery from its members. *Id.*

### 2.   Orleans Shoring, LLC's ninth and Defendant Santicima's eighth affirmative defense

Defendants' affirmative defenses provide: "Plaintiffs and/or some or all of the members of the alleged group of individuals which Plaintiffs purport to represent have failed to comply with

3

their legal duty to mitigate their claimed damages." (Rec. Doc. 13, at 7; Rec. Doc. 14, at 9.) Plaintiffs ask the Court to strike these affirmative defenses because Defendants do not provide any facts to support the defenses. (Rec. Doc. 31-1, at 4.) Defendants argue that, should they be found liable for any violation of the FLSA, discovery will reveal that Plaintiffs "knowingly and continuingly [sic] worked overtime hours without complaint or demand for overtime pay." (Rec. Doc. 35, at 5.)

### 3. Orleans Shoring, LLC's tenth and Defendant Santicima's ninth affirmative defense

Defendants' affirmative defenses provide: "Plaintiffs' claims are barred, in whole or part, by their own actions." (Rec. Doc. 13, at 7; Rec. Doc. 14, at 9.) Plaintiffs ask the Court to strike these defenses because Defendants do not include any supporting facts, do not identify which of Plaintiffs' actions caused their claim to be barred, and do not specify which of Plaintiffs' claims may be barred. (Rec. Doc. 31-1, at 4.) Defendants argue that should they be found liable for violating the FLSA, "discovery will reveal that Plaintiffs or members of the putative class failed to report overtime and/or misrepresented hours worked on their time sheets." (Rec. Doc. 35, at 5.)

4.  **Orleans Shoring, LLC's fifteenth and Defendant Santicima's fourteenth affirmative defense**

Defendants' affirmative defenses provide: "Plaintiffs lack standing to raise some or all of the claims of the alleged group of persons they purport to represent." (Rec. Doc. 13, at 7; Rec. Doc. 9, at 10.) Plaintiffs ask the Court to strike these defenses because lack of standing is not a valid affirmative defense. (Rec. Doc. 31-1, at 4.) Further, Plaintiffs argue that Defendants failed to provide any supporting facts as to why Plaintiffs lack standing or to which claims this affirmative defense applies. *Id.* For purposes of this motion, Defendants concede that lack of standing is not an affirmative defense. (Rec. Doc. 35, at 5.) Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants asserted this defense to "put Plaintiffs on notice of Defendants' position that Plaintiffs' claims are individualized, and Plaintiffs cannot offer testimony or evidence regarding the treatment of individuals who are not similarly situated." *Id.*

5.  **Orleans Shoring, LLC's sixteenth and Defendant Santicima's fifteenth affirmative defense**

Defendants' affirmative defenses provide: "Plaintiffs' claims, and/or those of the members of the group of individuals Plaintiffs purport to represent, are *de minimis*." (Rec. Doc. 13, at 8; Rec. Doc. 14, at 10.)  Plaintiffs ask the Court to strike these defenses because "Defendants pleading does not include facts alleging the supposedly *de minimis* nature of Plaintiffs' claims,

nor do they provide Plaintiffs with any fair notice of that defense." (Rec. Doc. 31-1, at 5.) Defendants argue that should it be found liable for any violation of the FLSA, "discovery will reveal that some or all of the time for which Plaintiffs and/or class members of the putative class claim overtime is due was infrequent or insignificant such that it may be disregarded for payroll purposes." (Rec. Doc. 35, at 5.)

### 6.  Orleans Shoring, LLC's seventeenth and Defendant Santicima's sixteenth affirmative defense

Defendants' affirmative defenses provide: "The certification and trial of this case as a collective action would violate Defendants' rights under the Fifth Amendment of the United States Constitution." (Rec. Doc. 13, at 8; Rec. Doc. 14, at 10.) Plaintiffs ask the Court to strike these defenses because Defendants did not provide facts to support their argument that their Fifth Amendment rights would be violated. (Rec. Doc. 31-1, at 5.) Defendants argue that due to individual nature of Plaintiffs' claims, certification and trial of this case as a collective action would violate the Fifth Amendment. (Rec. Doc. 35, at 6.) Defendants argue that if this case is tried as a collective action it "would effectively prevent Defendants from defending the claims against them in a meaningful way." *Id.*

**7. Orleans Shoring, LLC's eighteenth and Defendant Santicima's seventeenth affirmative defense**

Defendants' affirmative defenses provide: "Plaintiffs lack standing to bring claims for injunctive relief and prejudgment interest." Plaintiffs ask the Court to strike these defenses because lack of standing is not an affirmative defense. (Rec. Doc. 31-1, at 5.) For purposes of this motion, Defendants again concede that lack of standing is not a valid affirmative defense. (Rec. Doc. 35, at 6.) Defendants sought to put Plaintiffs on notice that the relief Plaintiffs sought is unavailable as a matter of law. *Id.*

**8. Orleans Shoring, LLC and Defendant Santicima's thirty-first affirmative defense**

Defendants' affirmative defenses provide: "Plaintiffs' claims are barred by the doctrines of compromise and satisfaction and accord." (Rec. Doc. 27, at 10; Rec. Doc. 28, at 13.) Plaintiffs argue that these defenses relate to breach of contract claims, and as such, are immaterial to an FLSA claim. (Rec. Doc. 31-1, at 5.) Plaintiffs also argue that these defenses lacks factual particularity. *Id.* Defendants argue that they have settled claims with many of the putative class members Plaintiffs seek to join; therefore, this affirmative defense is appropriate. (Rec. Doc. 35, at 6.)

**LEGAL STANDARD**

7

Under Rule 12(f) of the Federal Rules of Civil Procedure the
court may strike "from any pleading any insufficient defense or
any redundant, immaterial, impertinent, or scandalous matter."
Fed. R. Civ. P. 12(f). Rule 12(f) motions are generally disfavored
and rarely granted. *Augustus v. Bd. of Pub. Instruction of Escambia
Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). "It is a drastic
remedy to be resorted to only when required for the purposes of
justice [and] should be granted only when the pleading to be
stricken has no possible relation to the controversy." *Id.*
(quotation omitted). The court cannot decide a disputed issue of
fact on a motion to strike. *Id.* Further, the court should not
determine disputed and substantial questions of law when there is
no showing of prejudicial harm to the moving party. *Id.* "Under
such circumstances the court [should] defer action on the motion
and leave the sufficiency of the allegations for determination on
the merits." *Id.* Correspondingly, the court is given considerable
discretion in deciding a motion to strike. *U.S. v. Cooney*, 689
F.3d 365, 379 (5th Cir. 2012) (citing *Cambridge Toxicology Grp.,
Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir.2007)).

Rule 8(b) of the Federal Rules of Civil Procedure requires
that a party must state defenses in "short and plain terms." Under
Rule 8(c), a "party must affirmatively state any avoidance or
affirmative defense." The Fifth Circuit has held that Rule 8
requires a defendant to "plead an affirmative defense with enough

8

specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced[,]" and that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A defendant satisfies the "fair notice" pleading requirement if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* (quotation omitted).

## DISCUSSION

Plaintiffs make specific objections to Defendants' affirmative defenses, asserting that they are either not sufficiently articulated to provide fair notice or are not proper affirmative defenses. Therefore, the Court will examine each of the Defendants' contested affirmative defenses in turn.

### 1.   Orleans Shoring, LLC's second and Defendant Santicima's first affirmative defense

Defendants' affirmative defenses provide: "Plaintiffs' claims, as well as those of the group of individuals Plaintiffs purport to represent, are barred by principles of estoppel, waiver and unclean hands." (Rec. Doc. 13, at 5; Rec. Doc. 14, at 8.) Plaintiffs ask the Court to strike these affirmative defenses because Defendants have not provided any facts to support these defenses. (Rec. Doc. 31-1, at 3.) Plaintiffs cite to *Moore v. BASF*

9

*Corporation* in support of their argument. In *Moore*, the plaintiffs'
claims arose from alleged exposure to products containing benzene.
No 11-1001, 2012 WL 4794319, at *1 (E.D. La. Oct. 9, 2012). The
plaintiffs sought recovery under several different causes of
action including negligence, strict product liability, and the
Louisiana Products Liability Act. *Id.* The plaintiffs sought to
strike defendant's affirmative defense, which read: "Valspar
alleges that Plaintiffs' claims are barred by the applicable
principles of estoppel and waiver." *Id.* at *2. The court noted
that the "[d]efendant does not indicate which of plaintiffs' claims
are barred by estoppel or waiver or the facts giving rise to the
waiver or estoppel. The court therefore [found] that this defense
fails to provide fair notice and [struck] it from the answer." *Id.*
(citing *Woodfield*, 193 F.3d at 362). The court in *Moore* cited to
*Cosmetic Warriors Ltd. v. Lush Boutique, LLC*, in support of its
decision to strike the affirmative defense. *Id.* In *Cosmetic
Warriors*, the plaintiff brought suit alleging trademark
infringement and unfair competition pursuant to the Lanham Act, as
well as claims under Louisiana state law, breach of contract,
breach of implied covenant of good faith, and promissory estoppel.
2010 WL 481229, at *1 (E.D. La. Feb. 1, 2010). The plaintiff asked
the court to strike several affirmative defenses, including one
which read: "Plaintiff's claims are barred by the doctrine of
equitable estoppel." *Cosmetic Warriors*, 2010 WL 481229, at *2. The

court ruled that this affirmative defense lacked sufficient information to put the plaintiff on notice and granted defendant's Rule 12(f) motion without prejudice to allow the defendant to supplement its answer. *Id.*

The present case is distinguishable from *Moore* and *Cosmetic Warriors*. Specifically, in both of those cases the plaintiff(s) asserted several causes of action. *Moore*, 2011 WL 5879597, at *1; *Cosmetic Warriors*, 2010 WL 481229, at *1. Here, Plaintiffs assert merely one cause of action—that "Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek." (Rec. Doc. 1, at 6-7.) This case more closely resembles *Lopez v. F.I.N.S. Construction, LLC*, No. 16-2408, 2016 WL 3430822, at *3 (E.D. La. June 22, 2016). There, the plaintiffs filed suit alleging that the defendants violated the overtime provisions of the FLSA by failing to pay them overtime rates for hours worked in excess of forty hours per week. *Id.* at 1. Immediately after filing their motion for conditional class certification, the plaintiffs filed a motion to strike several of the defendants' affirmative defenses. *Id.* Several of the defendants' affirmative defenses were brief and lacked full

factual support. *Id.*[2] Despite these deficiencies, the court held that "the defenses mentioned provide[d] enough information to satisfy the 'fair notice' pleading requirement and avoid surprise to Lopez." *Id.* at 3. The court explained that "[t]his case is in the early stages. Lopez has the opportunity to conduct discovery into all of defendants' affirmative defenses." *Id.* Consequently, the court denied the plaintiffs' motion to strike. *Id.*

Estoppel may be an available defense under the FLSA if a plaintiff provides false data about the hours he worked and the employer had no knowledge of the employee's actual hours. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *see also Allen v. City of Texas City*, No. 10-176, 2014 WL 2547763, at *5 (S.D. Tex. June 5, 2014) (noting that the availability of the defense of estoppel and waiver might be questionable without the specific facts of *Brumbelow*); *Robertson v. LTS Mgmt. Servs., LLC*, 642 F.Supp.2d 922, 933 (W.D. Mo. 2008) (finding granting of motion to strike as to estoppel and lack of standing affirmative defenses inappropriate due to the early stage of the case). The Court finds that Defendants' affirmative defenses satisfy the "fair notice" pleading requirement and avoid surprise to Plaintiffs. *Lopez*, 2016

---

[2] Examples of the defendants' affirmative defenses include: "Defendants have breached no duty, fiduciary, contractual or otherwise, allegedly owed to the Plaintiff; Plaintiff's recovery, if any, should be precluded and/or reduced to the extent that Plaintiff breached the duty of good faith and fair dealings it owed to Defendants; Plaintiff has breached its contractual or quasi-contractual duties owed to Defendants; Plaintiff has failed to establish the conditions precedent to assert any claims under applicable law." <u>Lopez</u>, 2016 WL 3430822, at *2.

WL 3430822, at *3. Like *Lopez*, "[t]his case is in the early stages," and Plaintiffs will have ample opportunity to conduct discovery into Defendants' affirmative defenses.

Finally, Plaintiffs' motion does not provide any argument as to Defendants' affirmative defenses of unclean hands. Courts have ruled that a Rule 12(f) motion is not the proper mechanism to strike such a defense. *See, e.g., Tomason v. Stanley*, 297 F.R.D. 541, 549 (S.D. Ga. 2014); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *3 (M.D. Fla. June 14, 2006). Accordingly, because questions of fact or law are present, the Court shall defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Augustus*, 306 F.2d at 868; *see also Cargo v. Kansas City S. Ry. Co.*, No. 05-2010, 2011 WL 1234391, at *1 (W.D. La. April 1, 2011). Plaintiffs' motion to strike is **DENIED** with respect to these affirmative defenses.

### 2. Orleans Shoring, LLC's ninth and Defendant Santicima's eighth affirmative defense

Defendants' affirmative defenses provide: "Plaintiffs and/or some or all of the members of individuals which Plaintiffs purport to represent have failed to comply with their legal duty to mitigate their claimed damages." (Rec. Doc. 13, at 7; Rec. Doc. 14, at 9.) In response, Defendants allege that discovery may reveal that Plaintiffs "knowingly and continuingly [sic] worked overtime hours without complaint or demand for overtime." (Rec. Doc. 35, at

5.) Defendants do not cite, nor could this Court locate, any authority to support such a requirement. Some courts have granted motions to strike the affirmative defense of failure to mitigate damages in FLSA cases. *See Coffin v. Blessy Marine Servs., Inc.*, No. 11-2014, 2011 WL 2193378, at *2 (S.D. Tex. June 6, 2011) (citing *Tran v. Thai*, No. 8-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010)). These courts held that "as a matter of law there is no requirement to mitigate overtime wages under the FLSA." *Id.* (citing cases) However, in *Tran* the court held that defendants' affirmative defense of failure to mitigate damages failed as a matter of law in deciding a Rule 56(c) motion for summary judgment.[3] 2010 WL 52532944, at *7. Moreover, the Fifth Circuit instructs that "when questions of fact or law are present, the court should defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Augustus*, 306 F.2d at 868; *see also Cargo*, 2011 WL 1234391, at *1. Accordingly, the Court defers action on the motion and shall leave the sufficiency of the allegations for determination on the merits. Plaintiffs' motion to strike is **DENIED** with respect to these affirmative defenses.

---

[3] *Coffin* relied on *Tran* to reach the conclusion that a Rule 12(f) motion is appropriate to strike the affirmative defense of failure to mitigate damages, despite the fact that *Tran* was decided under a Rule 56 motion. *Coffin*, 2011 WL 2193378, at *2.

   **3.    Orleans Shoring, LLC's tenth and Defendant Santicima's
          ninth affirmative defense**

Defendants' affirmative defenses provide: "Plaintiff's claims
are barred, in whole or part, by their own actions." (Rec. Doc.
13, at 7; Rec. Doc. 14, at 9.) Defendants argue that "discovery
will reveal the Plaintiffs . . . failed to report overtime and/or
misrepresented hours worked on their time sheets." (Rec. Doc. 35,
at 5.) Defendants cite no authority and provide no factual support
for this affirmative defense. If Defendants were attempting to
allege that Plaintiffs fraudulently misrepresented the number of
hours worked on their time sheets, they were required to do so
with a greater level of particularity. *Cosmetic Warriors*, 2010 WL
481229, at *2 (noting that pleading fraud with particularity
requires "time, place, and contents of the false representation,
as well as the identity of the person making the representation
and what that person obtained thereby"). This defense appears to
be a duplicate of Defendants' estoppel claim. *Supra* Sec. 1.
Accordingly, Plaintiffs' motion to strike Defendants' "own acts"
affirmative defense is **GRANTED** as redundant. Fed. R. Civ. Pro.
12(f); *see McGlothan*, 2006 WL 1679592, at *2.


   **4.    Orleans Shoring, LLC's fifteenth and Defendant
          Santicima's fourteenth affirmative defense**

Defendants' affirmative defenses provide: "Plaintiffs lack
standing to raise some or all of the claims of the alleged group

of persons they purport to represent." (Rec. Doc. 13, at 7; Rec. Doc. 9, at 10.) For purposes of this motion, Defendants concede that lack of standing is not an affirmative defense. (Rec. Doc. 35, at 5.) Defendants raised their standing defense to "put Plaintiffs on notice of Defendants' position that Plaintiffs' claims are individualized, and Plaintiffs cannot offer testimony or evidence regarding the treatment of individuals who are not similarly situated." (Rec. Doc. 35, at 5.) The Court cannot say at this time that the lack of standing "has no possible relation to the controversy." *Augustus*, 306 F.2d at 868; *see also Robertson*, 642 F. Supp. 2d at 933. Further, Plaintiffs have not alleged nor shown that there may be prejudicial harm by not striking this defense. *See id.* (explaining that granting a motion to strike is improper when there is no showing of prejudicial harm to the moving party). Accordingly, the Court shall defer action on the motion and leave the sufficiency of the allegations for determination on the merits. Plaintiffs' motion to strike is **DENIED** with respect to these affirmative defenses.

### 5. Orleans Shoring, LLC's sixteenth and Defendant Santicima's fifteenth affirmative defense

Defendants' affirmative defenses provide: "Plaintiffs' claims, and/or those of the members of the group of individuals Plaintiffs purport to represent, are *de minimis*." (Rec. Doc. 13, at 8; Rec. Doc. 14, at 10.)  While Defendants have not identified

what work they believe is barred under the *de minimis* doctrine, the Court cannot at this time conclude that the *de minimis* exception under the FLSA "has no possible relation to the controversy." *Augustus*, 306 F.2d at 868. The *de minimis* exception is a valid defense to FLSA claims in some cases,[4] and at this stage the Court "should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party." *Id*. Plaintiffs have not alleged nor shown that they may be prejudiced by the Court not striking this defense. The Court shall defer action on the motion and leave the sufficiency of the allegations for determination on the merits. Accordingly, Plaintiffs' motion to strike is **DENIED** with respect to these affirmative defenses.

### 6. Orleans Shoring, LLC's seventeenth and Defendant Santicima's sixteenth affirmative defense

Defendants' affirmative defenses provide: "The certification and trial of this case as a collective action would violate Defendants' rights under the Fifth Amendment of the United States Constitution." (Rec. Doc. 13, at 8; Rec. Doc. 14, at 10.) Defendants cite to *Gatewood v. Koch Foods of Mississippi, LLC*, in support of their argument that they will not be able to defend the

---

[4] *See Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 454 (5th Cir. 2009) (explaining that even if activity might otherwise be compensable, courts may disregard *de minimis* claims concerning merely seconds or minutes of work beyond scheduled hours).

claims against them if this case proceeds as a collective action. (Rec. Doc. 35, at 6.) *Gatewood* was a FLSA collective action case where the plaintiffs sought to pursue claims on behalf of approximately one thousand three hundred and twenty (1320) employees of Koch Foods of Mississippi, LLC. *Gatewood*, 2009 WL 8642001, at *1. The defendant moved for decertification, because in determining whether decertification is appropriate, courts must be "concerned with coherently managing a trial of the action and presenting evidence in a manner that will not confuse the jury or unduly prejudice any party." *Id.* at *20. Due to the number of plaintiffs, the court was concerned that if it proceeded in a collective action certain due process rights of the defendants may be violated. *Id.* "[G]iven the plethora of individual issues raised by both the plaintiffs' claims and Koch Foods' defenses, [the court determined that] the trial of this collective action is unmanageable and presents serious fairness issues." *Id*. The court ruled that decertification was appropriate and that the opt-in plaintiffs' claims should be dismissed without prejudice. *Id*. While it appears unlikely that this case will rise to the magnitude and complexity of *Gatewood*, the Court cannot say at this time that the defense "has no possible relation to the controversy." *Augustus*, 306 F.2d at 868. Further, it would be inappropriate for the Court to determine disputed and substantial questions of law at this stage of the proceedings. *Id*. The Court shall defer action

on the motion and leave the sufficiency of the allegations for determination on the merits. *See id.* Accordingly, Plaintiffs' motion to strike is **DENIED** with respect to these affirmative defenses.

### 7. Orleans Shoring, LLC's eighteenth and Defendant Santicima's seventeenth affirmative defense

Defendants' affirmative defenses provide: "Plaintiffs lack standing to bring claims for injunctive relief and prejudgment interest." Plaintiffs ask the Court to strike these defenses because lack of standing is not an affirmative defense. (Rec. Doc. 31-1, at 5.) For purposes of this motion, Defendants again concede that lack of standing is not an affirmative defense. (Rec. Doc. 35, at 6.) Defendants seek put Plaintiffs on notice that the relief Plaintiffs sought is unavailable as a matter of law. (Rec. Doc. 35, at 6.) The Court is not called to determine whether the relief sought is available at this stage of the proceedings. The Court shall defer action on any decision as to standing, prejudgment interest, or injunctive relief for determination on the merits. Accordingly, Plaintiffs' motion to strike Defendants' affirmative defense of lack of standing to bring claims for injunctive relief and prejudgment interest is **DENIED.**

**8. Orleans Shoring, LLC and Defendant Santicima's thirty-first affirmative defense**

Defendants' affirmative defense provides: "Plaintiffs' claims are barred by the doctrines of compromise and satisfaction and accord." (Rec. Doc. 27, at 10; Rec. Doc. 28, at 13.) Plaintiffs argue that these defenses relate to breach of contract claims, and as such, are immaterial to an FLSA claim. (Rec. Doc. 31-1, at 5.) Plaintiffs also argue that these defenses lacks factual particularity. *Id.* Defendants argue that they have settled claims with many of the putative class members Plaintiffs seek to join; and therefore, this affirmative defense is appropriate. (Rec. Doc. 35, at 6.) To show an affirmative defense is immaterial during a Rule 12(f) motion to strike the movant must show that the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Sadler v. Benson Motors Corp.*, No. 97-1083, 1997 WL 266735, at *1 (E.D. La. May 15, 1997). Plaintiffs have not shown that Defendants' defense of compromise "can have no possible bearing upon the subject matter of the litigation." *Id.* Rather, if Defendants have settled claims with Plaintiffs or potential opt-in plaintiffs, this would have a bearing upon the subject matter of the litigation. While Defendants do not provide which Plaintiffs or opt-in plaintiffs it has reached a compromise with, Plaintiffs are not in danger of unfair surprise by the affirmative defense provided. Accordingly, Plaintiffs'

motion to strike Defendants' affirmative defenses of compromise and satisfaction and accord is **DENIED**.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Strike Defendants' Affirmative Defenses* **(Rec. Doc. 31)** is **GRANTED IN PART** and **DENIED IN PART.** Plaintiffs' *Motion to Strike* is **DENIED** with respect to the following affirmative defenses: **(1)** Estoppel, waiver, and unclean hands; **(2)** Failure to mitigate damages; **(4)** Lack of standing; **(5)** *De minimis* claims; **(6)** Violation of Fifth Amendment; **(7)** Lack of standing; and **(8)** Compromise, satisfaction, and accord affirmative defense. Plaintiffs' *Motion to Strike* is **GRANTED** with respect to **(3)** Defendants' "own act" affirmative defenses, as described above.

New Orleans, Louisiana, this 19th day of July, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE